UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BESSIE PITTMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-787** |
| **UNITED STATES POSTAL SERVICE, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

In this Federal Tort Claims Act ("FTCA") litigation, Bessie Pittman seeks to recover damages she alleges resulted from a motor-vehicle accident with a United States Postal Service letter carrier. Before the Court is the motion[1] of Defendants United States Parcel Service ("USPS") and USPS Letter Carrier Kelvin Pierre ("Pierre") to substitute the United States of America as a defendant in place of Pierre and to dismiss the USPS as a named defendant for lack of subject matter jurisdiction. The Defendants' motion to dismiss, brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2679(a) and (d)(1), was noticed for submission on September 3, 2025;[2] Plaintiffs' response was due on August 26, 2025. *See* LOCAL CIVIL RULE 7.5. Plaintiff failed to file a timely response. So the Court considers the motion to substitute and dismiss unopposed.

The unopposed motion has merit.

Rule 12(b)(1) permits a party to raise the defense of lack of subject matter jurisdiction at any time. FED. R. CIV. P. 12(b)(1), 12(h)(3). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court

---

[1] ECF No. 7.
[2] ECF No. 7-1.

lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court's determination that it lacks subject matter jurisdiction may be based on (1) the complaint; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* at 287 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The plaintiff bears the burden of proof that jurisdiction exists. *Id.* at 286 (citation omitted). Ultimately, only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief should the Court grant a defendant's motion to dismiss for lack of subject matter jurisdiction. *Id.* at 287 (citation omitted).

Tort claims against the United States are exclusively cognizable under the FTCA. The FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation (or Westfall) Act, provides that a lawsuit against the United States is the exclusive remedy for individuals like Pittman with claims for damages resulting from actions of federal employees within the scope of their employment. *See* 28 U.S.C. § 2679(b)(1); *see also Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the United States, not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Once the appropriate authority certifies that a federal employee was acting within the scope of his employment at the time of the incident out of which the claim

arises, the Westfall Act provides that the civil action arising out of the incident shall be deemed an action against the United States, which shall be substituted as the sole defendant with respect to the FTCA plaintiff's claims. *See* 28 U.S.C. § 2679(d)(1); *see also Osborn v. Haley*, 549 U.S. 225, 229-30 (2007) ("Upon . . . certification, the employee is dismissed from the action, and the United States is substituted as a defendant in place of the employee."). "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183.

Here, Pittman named as defendants the USPS and Pierre, instead of the United States. Pittman's FTCA claims against USPS and Pierre—improper parties in an FTCA lawsuit—must be dismissed for lack of jurisdiction. To achieve this, the United States invokes the Westfall Act and contends that the Court should substitute it (the United States) for Pierre and dismiss Pittman's claims against the USPS. The Court agrees.

Counsel for Defendants have filed into the record the requisite Certification, which provides that Pierre was acting within the scope of his federal employment with the USPS at the time of the incident out of which Plaintiff's claim arose.[3] It is uncontroverted and thus established that Pierre was acting within the scope of his federal employment with USPS at the time of the motor-vehicle collision giving rise to Plaintiff's lawsuit.[4] *See Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003)

---

[3] ECF No. 7-3.

[4] Plaintiff does not contest the Certification; to the contrary, she has alleged that Pierre was acting in the course and scope of his employment at the time of the motor-vehicle collision. *See* ECF No. 1 at 2.

(citation omitted) ("A plaintiff who challenges the Government's certification has the burden to prove that the employee's conduct was not within the scope of his employment."). Applying the above referenced law compels a finding that the United States is the only proper defendant in this FTCA suit. Indulging the Westfall Act's certification-and-substitution procedure, the United States shall be substituted in Pierre's place as the sole defendant in this civil action such that Pittman's claims against Pierre necessarily are dismissed as a result of the substitution. Furthermore, Pittman's claims against the USPS shall be dismissed without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that Defendants' unopposed motion[5] to substitute and dismiss is **GRANTED**. The United States is hereby **SUBSTITUTED** for Pierre as the sole defendant, and Pittman's claims against Pierre and the USPS are hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 8th day of October, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[5] ECF No. 7.

4